**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID L. GREEN, | : | Civil Action No.:11-1833 (RBK) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| BAYSIDE STATE PRISON, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

David L. Green, <u>Pro Se</u>
#398123C/666302
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

**KUGLER**, District Judge

Plaintiff, David L. Green, is currently confined at the Southern State Correctional Facility, Delmont, New Jersey. Plaintiff seeks to bring this action <u>in forma pauperis</u>, alleging violations of his constitutional rights.  At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed, without prejudice.

**BACKGROUND**

Plaintiff alleges that on October 16, 2010, while housed at Bayside State Prison, he got into a verbal altercation with a female correctional officer, defendant Jane Doe, who accused him of grabbing his private area while walking past her.  Her partner, defendant Officer Pepper, had words with Plaintiff, and then, in retaliation, kicked Plaintiff in the groin while defendant officer John Doe held him.  Defendant Pepper asked Plaintiff if he had anything to say to the female officer and Plaintiff replied that he did not, and after more words, defendant Pepper kicked Plaintiff a second time in the groin.

Plaintiff seeks to sue defendant Pepper for excessive force, and the female correctional officer for failure to intervene, as she allegedly watched defendant Pepper kick Plaintiff.

Plaintiff asks for monetary and other relief.

**DISCUSSION**

**A.   Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  In Ashcroft, the Supreme Court hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ....  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct, with regard to Rule 8 allegations, a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

To determine the sufficiency of a complaint under the [Iqbal] pleading regime ..., a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

B.   **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   **Plaintiff's Complaint Must Be Dismissed.**

First, this Court notes that Bayside State Prison is not a proper defendant in this § 1983 action, and will be dismissed from the action, with prejudice.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J.

1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).

Next, Plaintiff asserts a claim against defendant Pepper for use of excessive force in violation of the Eighth Amendment.  See Graham v. Connor, 490 U.S. 386, 392-394 (1989) (cases involving the use of force against convicted individuals are examined under the Eighth Amendment's proscription against cruel and unusual punishment).

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981).  The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  See id. at 347.  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the officials acted with a sufficiently culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component is contextual and responsive to "'contemporary standards of decency.'" Hudson v. McMillian, 503

U.S. 1, 8 (1992).  The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  See Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); Rhodes, 452 U.S. at 345.  What is necessary to establish an unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation.  See Hudson, 503 U.S. at 5.

In an excessive force claim, the core inquiry as to the subjective component is that set out in Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citation omitted): "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" (quoted in Hudson, 503 U.S. at 6).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Id. at 9.  In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury (the objective component), so long as there is some pain or injury and something more than de minimis force is used.  See id. at 9-10 (finding that blows which caused bruises, swelling, loosened teeth, and a cracked dental plate were not de minimis for Eighth Amendment purposes).

7

To determine whether force was used in "good faith" or "maliciously and sadistically," courts have identified several factors, including:

> (1) "the need of the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response."

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 321).   Thus, not all use of force is "excessive" and will give rise to the level of a constitutional violation.   See Hudson, 503 U.S. at 9 (it is clear that not "every malevolent touch by a prison guard gives rise to a federal cause of action").   Therefore, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."   Id. at 9–10.

Here, the allegations of the complaint, if true, may suggest a claim that defendant Pepper acted in a malicious and excessive manner.   However, Plaintiff fails to sufficiently allege what injuries he sustained from the alleged force.   While he states that he had blood in his urine and sharp jolts of pain in his left testicle, and "mental pain," (Complt., ¶ 7), Plaintiff does not assert facts indicating the extent of these injuries, whether they are related to the alleged kicks to his groin, or whether

they are ongoing injuries or have resolved.  There are no
allegations of bruising, cuts, or swelling, that would support a
claim that Pepper used more than *de minimis* force.  Therefore,
this claim of excessive force in violation of the Eighth
Amendment will be dismissed without prejudice, for failure to
state a claim at this time.  To the extent that Plaintiff can
allege additional facts to cure the deficiencies noted herein, he
may seek leave to reopen this case and file an amended pleading.[2]

As to defendant Jane Doe, the female corrections officer,
Plaintiff alleges that she failed to intervene to stop the
assault.  A prison official's "failure to intervene in a beating
can be the basis of liability for an Eighth Amendment violation
under § 1983 if the corrections officer had a reasonable
opportunity to intervene and simply refused to do so."  Smith v.
Mensinger, 293 F.3d 641, 650 (3d Cir. 2002).  Here, Plaintiff has
not made clear in his complaint that defendant Jane Doe officer

---

[2]  Should plaintiff so choose to amend his complaint to cure
the deficiencies noted herein, pursuant to Federal Rule of Civil
Procedure 15, Plaintiff should note that when an amended
complaint is filed, the original complaint no longer performs any
function in the case and "cannot be utilized to cure defects in
the amended [complaint], unless the relevant portion is
specifically incorporated in the new [complaint]." 6 Wright,
Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.
1990) (footnotes omitted).  An amended complaint may adopt some
or all of the allegations in the original complaint, but the
identification of the particular allegations to be adopted must
be clear and explicit. See id.  To avoid confusion, the safer
course is to file an amended complaint that is complete in
itself.  See id.

9

had a reasonable opportunity to intervene to stop defendant Pepper's kicks to the groin.  Again, if Plaintiff chooses to file an amended complaint, as outlined above, he may do so to allege facts against the Jane Doe defendant indicating so.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim, under 28 U.S.C. §§ 1915(e) and 1915A.  However, because Plaintiff may cure the deficiencies of the complaint to assert facts stating a claim, the dismissal is without prejudice.  Plaintiff may file a motion to reopen and amend the complaint in accordance with the attached Order.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 13, 2011